THE LANIER LAW FIRM, P.C.
Christopher D. Banys   (SBN: 230038)
cdb@lanierlawfirm.com
Daniel W. Bedell       (SBN: 254912)
dwb@lanierlawfirm.com
Carmen M. Aviles       (SBN: 251993)
cma@lanierlawfirm.com
Daniel M. Shafer       (SBN: 244839)
dms@lanierlawfirm.com
2200 Geng Road, Suite 200
Palo Alto, CA  94303
Telephone:     (650) 322-9100
Facsimile:     (650) 322-9103

Attorneys for Defendant
INNOVA PATENT LICENSING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROOFPOINT, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>INNOVA PATENT LICENSING, LLC,<br><br>        Defendant. | Case No.   5:11-CV-02288-LHK<br><br>**INNOVA PATENT LICENSING INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION**<br><br>**Hon. Lucy H. Koh**<br><br>**[FRCP 12(b)(1); FRCP 12 (b)(2)]**<br><br>**DATE:  AUGUST 25, 2011**<br>**TIME: 1:30 P.M.**<br>**COURTROOM:  4, 5TH FLOOR** |

///

1

**NOTICE OF MOTION**

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3        NOTICE IS HEREBY GIVEN that on August 25, 2011, at 1:30 P.M., or as soon

4   as the matter can be heard, in the United States District Court for the Northern District of

5   California, in Courtroom 4, on the 5th Floor at 280 South First Street, San Jose,

6   California, 95113, Defendant InNova Patent Licensing, LLC ("InNova") hereby moves

7   pursuant to Federal Rules Civil Procedure 12 (b)(1) and 12 (b)(2) for an order dismissing

8   Plaintiff Proofpoint, Inc.'s ("Proofpoint") Complaint for Declaratory Judgment.

9        This Court lacks subject matter jurisdiction under Federal Rule 12 (b)(1) in this

10  declaratory judgment action because an "actual controversy" does not exist between

11  Proofpoint and InNova.  Proofpoint has pled no facts to show actual or imminent injury

12  caused by InNova that can be redressed by judicial relief.

13       This Court should further dismiss Proofpoint's Complaint for Declaratory

14  Judgment under Federal Rule 12 (b)(2) for lack of personal jurisdiction over InNova.

15  Proofpoint has pled no facts to support general or specific jurisdiction.

16       Accordingly, InNova respectfully moves to dismiss Proofpoint's Complaint for

17  Declaratory Judgment.

18       Motion will be based on this Notice of Motion, Motion To Dismiss in support thereof,

19  and any evidence presented at the hearing of the Motion.

20

21

22

23

24

25

26

27

28

INNOVA'S NOTICE OF MOTION AND MOTION
TO DISMISS                                    1
CASE NO: 5:11-CV-002288-LHK

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **I.      INTRODUCTION**

3        The Court should dismiss Proofpoint's Complaint because (1) Proofpoint fails to

4   plead sufficient facts to form a case or controversy of sufficient immediacy and reality to

5   warrant a declaratory judgment and (2) Proofpoint fails to plead facts sufficient to

6   support either general or specific personal jurisdiction over InNova.

7        First, Proofpoint's Complaint fails to allege that InNova has threatened Proofpoint

8   with suit.  Indeed, the Complaint alleges little more than an economic fear that Proofpoint

9   will lose customers based on a lawsuit InNova brought against some Proofpooint

10  customers in Texas.  This court has already found such factual allegations are not enough

11  to establish subject matter jurisdiction because the factual allegations do not stem from a

12  constitutionally cognizable contact with California.

13       Proofpoint has also failed to establish that the Court has personal jurisdiction over

14  InNova.  The only alleged contact InNova has with this district is "taking intentional and

15  purposeful steps to enforce the '761 Patent against *residents* of this judicial district."  But

16  InNova did not submit to California jurisdiction merely by suing third parties in a foreign

17  jurisdiction.  In fact, InNova lacks sufficient contacts with California for either general or

18  specific personal jurisdiction.  InNova is not incorporated in California, does not have a

19  principal place of business in California, does not have offices, manufacturing facilities,

20  or retail stores in California, does not own property or have any bank accounts in

21  California, and is not licensed to do business in California.

22       Proofpoint's cannot identify an adequate basis for subject matter jurisdiction or

23  personal jurisdiction over InNova.  Accordingly, the Court should dismiss Proofpoint's

24  Complaint.

25  **II.     STATEMENT OF FACTS**

26       InNova filed suit in the Eastern District of Texas ("Texas Action") against several

27  defendants on July 20, 2010 asserting United States Patent No. 6,018,761 ("'761

28  Patent").  (Carmen M. Aviles, Declaration ¶ 3)  A First Amended Complaint was filed on

1    March 21, 2011.  (Aviles, Declaration ¶ 4)  All defendants have answered or otherwise

2    responded to the amended complaint with the majority asserting counterclaims for non-

3    infringement and invalidity.  (Aviles, Declaration ¶ 5)  A few defendants have filed

4    motions to dismiss and a motion to transfer.  (Aviles, Declaration ¶ 6, ¶ 7)  The motions

5    have been fully briefed and are currently pending.  (Aviles, Declaration ¶ 6, ¶ 7)

6         Proofpoint filed its Complaint for Declaratory Judgment on May 10, 2011, stating that

7    InNova's Texas Action alleges that "certain customers of Proofpoint have infringed and are

8    infringing the '761 Patent by using one or more of the aforementioned Accused Proofpoint

9    Products."  (Dkt. #1, Complaint ¶ 10)  Proofpoint goes on to state that InNova's

10   "infringement allegations threaten actual and imminent injury . . . and that the injury is of

11   sufficient immediacy and reality."  (Dkt. #1, Complaint ¶ 13)  According to Proofpoint, the

12   injury includes, "(1) uncertainty as to whether manufacture, use, offer for sale, sale, or

13   importation of the Accused Proofpoint Products is free from infringement claims based on the

14   '761 Patent, (2) the injury to Proofpoint's efforts to market and sell its products and services

15   including the Accused Proofpoint Products resulting from the Texas Action and the threat that

16   other of Proofpoint's customers will be sued, and (3) the legal obligations flowing from

17   Proofpoint's indemnity commitments to its customers."  (Dkt. #1, Complaint ¶ 13)

18        But InNova has not threatened infringement suit against Proofpoint.  (Aviles,

19   Declaration ¶ 8)  InNova has not contacted Proofpoint by telephone or e-mail, nor has InNova

20   ever sent a single cease-and-desist letter to Proofpoint.

21        Furthermore, Proofpoint has failed to allege contacts with this forum sufficient to give

22   rise to general or specific jurisdiction over InNova.  Proofpoint has not alleged that InNova

23   has a principal place of business in California, that it is licensed to do business in California,

24   or that InNova has any offices in California.  Proofpoint also does not allege that InNova has

25   manufacturing facilities, or retail stores in California, or that it owns property or have any

26   bank accounts in California.  Proofpoint has not alleged any InNova activity has been directed

27   to residents of this forum or that this declaratory judgment action arises out of or relates to

28   ///

1    any activity directed at this forum.  Proofpoint has not alleged any of these facts because it

2    can't.  There are no facts sufficient enough to give rise to personal jurisdiction over InNova.

3    **III.  LEGAL ARGUMENT**

4        **A.    Proofpoint's Factual Allegations Fail To Establish Subject Matter
                 Jurisdiction**

5
6        "Subject matter jurisdiction is a threshold issue which goes to the power of the court to

7    hear the case." *eBay, Inc. v. PartsRiver, Inc.,* 2001 WL 1522389 at *2 (N.D. Cal. August 21,

8    2011).  "The Declaratory Judgment Act permits a federal court to "declare the rights and other

9    legal relations" of parties to "a case of actual controversy." *eBay, Inc. v. PartsRiver, Inc.,*

10   2001 WL 1522389 at *2 (N.D. Cal. August 21, 2011); 28 U.S.C. §2201.  Exercise of

11   declaratory judgment jurisdiction is discretionary and can be dismissed even when the suit

12   otherwise satisfies subject matter jurisdiction. *eBay, Inc. v. PartsRiver, Inc.,* 2001 WL

13   1522389 at *2 (N.D. Cal. August 21, 2011); ("*Brillhart* makes clear that district courts

14   possess discretion in determining whether and when to entertain an action under the

15   Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional

16   prerequisites." *Portman v. F.D.I.C.,* 2011 WL 1362692 at *2 (W.D. April 11, 2011); *see*

17   *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942) ).

18       The Supreme Court's decision in *MedImmune*, *Inc. v. Genentech, Inc.,* 549 U.S. 118

19   (2007) changed the landscape for declaratory judgment jurisdiction in patent cases by

20   overruling at least the first prong of a two-prong test; the first prong being whether

21   defendant's conduct creates "a reasonable apprehension that the defendant will initiate suit if

22   the plaintiff continues the allegedly infringing activity," and the second prong being whether

23   conduct by the plaintiff amounts to infringing activity or demonstrates concrete steps taken

24   with the intent to conduct such activity (e.g., "the plaintiff must actually have either produced

25   the device or have prepared to produce that device."). *See, e.g., Arrowhead Indus. Water, Inc.*

26   *v. Ecolochem, Inc.,* 846 F.2d 731, 736 (Fed.Cir.1988) (overruled at least in part by

27   *MedImmune*).

     ///

28

1   To sustain subject matter jurisdiction in a declaratory judgment action in the post-

2   *MedImmune* context, an "actual controversy" must exist.  *eBay, Inc. v. PartsRiver, Inc.,* 2001

3   WL 1522389 at *2 (N.D. Cal. August 21, 2011).  A declaratory judgment plaintiff must show

4   by the "totality of the circumstances, the presence of an actual or imminent injury caused by

5   the defendant that can be redressed by judicial relief."  *Ours Tech., Inc. v. Data Drive Thru,*

6   *Inc.,* 645 F.Supp. 2d 830, 834 (N.D. Cal. 2009).  In patent cases, a factor to be considered in

7   the more general totality of "all the circumstances" test to establish a judicial controversy is

8   whether there has been a "reasonable apprehension" on the part of the declaratory judgment

9   plaintiff.  *Id.*  "When such a controversy is lacking, dismissal is appropriate under Rule 12

10  (b)(1) because the district court lacks subject matter jurisdiction over the claim."  *eBay, Inc. v.*

11  *PartsRiver, Inc.,* 2001 WL 1522389 at *2 (N.D. Cal. August 21, 2011);  Fed. R. Civ. P.

12  12(b)(1).

13  Proofpoint points to three "injuries" to establish the existence of an "actual

14  controversy": (1) whether Proofpoint products are free from infringement claims; (2) injury to

15  Proofpoint products resulting from the Texas action and the threat to other customers; and (3)

16  legal obligations from indemnity commitments.  (Dkt. 1, Complaint ¶13)  None of these

17  injuries alone or in combination are enough to establish subject matter jurisdiction.

18  Proofpoint's uncertainty as to whether its products are free from infringement claims

19  against its customers is insufficient to establish subject matter jurisdiction.  *Ours Tech., Inc.,*

20  *v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 836 ( N.D. Cal. 2009)  Proofpoint must show

21  that the threat against *it* is "immediate" and "real."  *Id.*  Proofpoint has failed to allege

22  sufficient facts supporting the immediacy or real threat of an infringement suit by InNova

23  against it.

24  Proofpoint's "injuries" relating to threat to customers and indemnity commitments

25  have also been rejected by this court.  In *Ours Tech., Inc., v. Data Drive Thru, Inc.,* 645 F.

26  Supp. 2d 830 ( N.D. Cal. 2009), plaintiff, Ours Tech., Inc's ("OTI") filed an action against

27  Data Drive Thru ("DDT") seeking declaratory judgment of non-infringement, invalidity, and

28  ///

1  unenforceability of DDT's patent on cable devices.  OTI argued that it could not continue its

2  particular business ventures without subjecting it to the threat of patent infringement by DDT.

3  *Id.* at 835.  The court found that OTI's interest in indemnifying its customers was to preserve

4  its customer base and largely economic.  ("Because OTI's interest in indemnifying these U.S.

5  retailers, as best the court can discern, is to preserve its customer base, DDT is correct that

6  OTI's interest in this action is largely-if not exclusively-economic.  Based on the facts

7  alleged, under all of the circumstances, OTI has failed to show that there is "a substantial

8  controversy, between parties having adverse legal interests, of sufficient immediacy and

9  reality to warrant the issuance of a declaratory judgment.  *Ours Tech., Inc., v. Data Drive*

10  *Thru, Inc.,* 645 F. Supp. 2d 830, 840 ( N.D. Cal. 2009) *citing MedImmune, Inc. v. Genentech,*

11  *Inc.* 549 U.S. 118, 127 (2007) ).  Accordingly, Proofpoint's factual allegations like OTI's are

12  merely economic concerns that do not meet the legal standard for declaratory judgment

13  jurisdiction and should be dismissed.

14      The court went on to state that even if there was subject matter jurisdiction, it would

15  still find it appropriate to decline jurisdiction because of the pending DDT action in another

16  jurisdiction.  *Id.* at 840.  Likewise this court should use its discretion and dismiss the action

17  because of the pending action in the Eastern District of Texas.

18      **B.      Proofpoint Fails to Establish Personal Jurisdiction**

19      Federal Circuit law applies, rather than the regional circuits, to determine personal

20  jurisdiction in a patent infringement case.  *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21

21  F.3d 1558, 1564-65 (Fed. Cir. 1994).  This choice of governing law applies as well to

22  personal jurisdiction in declaratory judgment actions that involve patentees as defendants.

23  *Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed. Cir. 1995).

24      "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction,

25  the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."

26  *Schwarzenegger v. Fred Martin Motor Co.,* 374, F. 3d 797, 800 (9th Cir. 2004).  The court

27  will inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing

28  *///*

1    of personal jurisdiction. *Id.* Uncontroverted allegations in the complaint must be taken as
2    true but the plaintiff cannot "simply rest on the bare allegations of its complaint." *Id.*

3        Determining whether jurisdiction exists over an out-of-state defendant involves two
4    inquiries: whether a forum state's long-arm statute permits service of process and whether
5    assertion of personal jurisdiction violates due process. *Autogenomics, Inc. v. Oxford Gene*
6    *Tech. Ltd.,* 566 F. 3d 1012, 1016 (Fed. Cir. 2009). "However because California's long-arm
7    statute is coextensive with the limits of due process, the two inquiries collapse into a single
8    inquiry: whether jurisdiction comports with due process." *Id.*

9        Before a district court can exercise personal jurisdiction over a non-resident defendant,
10   the Due Process Clause requires the defendant have "certain minimum contacts" with the
11   forum state. "Due process requires only that in order to subject a defendant to a judgment in
12   personam, if he be not present within the territory of the forum, he have certain minimum
13   contacts with it such that the maintenance of the suit does not offend traditional notions of fair
14   play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The
15   Due Process Clause "gives a degree of predictability to the legal system that allows potential
16   defendant to structure their primary conduct with some minimum assurance as to where that
17   conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz,* 471
18   U.S. 462, 474 (1985). Accordingly, a defendant's activities in the forum state should be such
19   that a defendant "should reasonably anticipate being haled into court there." *World-Wide*
20   *Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

21       Under the "minimum contacts" test, the Supreme Court has drawn a distinction
22   between "specific" jurisdiction and "general" jurisdiction. To establish "general jurisdiction"
23   a plaintiff bears a high burden. *Avocent Huntsville Corp. v. Aten Intern, Co., Ltd.,* 552 F. 3d
24   1324, 1330 (Fed. Cir. 2008). The necessary inquiry explores the "nature of [the defendant's]
25   contacts with the [forum State] to determine whether they constitute …*continuous and*
26   *systematic* general business contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall,*
27   466 U.S. 408, 415-416 (1984) (emphasis added.). To establish "specific" jurisdiction, a
28   ///

1    plaintiff must demonstrate that the activities arise out of or relate to the cause of action.

2    *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).  In determining whether specific

3    jurisdiction exists, the Federal Circuit considers a three-factor test:

4        (1)  the defendant purposefully directed its activities at residents of the forum;

5        (2)  the claim arises out of or relates to those activities; and

6        (3)  assertion of personal jurisdiction is reasonable and fair.

7    *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 565 F.3d 1012, 1018 (Fed. Cir. 2009).

8    The first two factors correspond with the "minimum contacts" prong of the *International Shoe*

9    analysis and the third factor corresponds with the "fair play and substantial justice" prong

10   analysis."  *Id.*  Plaintiff carries the burden on the first two factors.  If plaintiff meets its

11   burden, then the burden switches to defendant to present a compelling case that the presence

12   of some other considerations would render jurisdiction unreasonable under the five-factor test

13   articulated by the Supreme Court in *Burger King.*  *Breckenridge Pharm., Inc. v. Matabloite*

14   *Labs., Inc.,* 444 F.3d 1356, 1363 (Fed. Cir. 2006).

15
16
### 1.   General Jurisdiction Does not Exist because InNova has no Purposeful, Systematic, and Continuous Contacts with this Judicial District.

17   General jurisdiction requires that the defendant have "continuous and systematic"

18   contacts with the forum state and confers personal jurisdiction even when the cause of action

19   has no relationship with those contacts.  *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.,* 566

20   F.3d 1012, 1017 (Fed. Cir. 2009).  The contacts have to be more then "sporadic and

21   insubstantial contacts with the forum" for a finding of general jurisdiction.  In *Helicopteros,*

22   the Supreme Court held there was no general jurisdiction in Texas over the defendant that did

23   not have a place of business nor had ever been licensed to do business in Texas.  This

24   conclusion was reached despite the fact that the defendant had sent its chief executive officer

25   to Houston for a contract-negotiation, accepted into its New York bank account checks drawn

26   on a Houston bank, purchased helicopters, equipment, and training services from Bell

27   Helicopter, a Texas resident, and sent personnel to Bell's facilities in Fort Worth for training.

28   ///

1    *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 416 (1984).  Like the

2    defendant in *Helicopteros*, InNova does not have a place of business in California nor is it

3    licensed to do business in California and nothing exceeds the commercial contacts that the

4    Supreme Court held were insufficient in *Helicopteros*.

5            Proofpoint's attempt to establish personal jurisdiction over InNova because it is

6    "taking intentional and purposeful steps to enforce the '761 Patent against residents of this

7    judicial district [in Texas]" must fail.  (Dkt. 1, ¶ 6).  The mere act of suing a California

8    resident in a foreign court cannot give rise to either general or specific jurisdiction.  *Radio*

9    *Systems Corp. v. Accession, Inc.,* 638 F.3d 785, 792 (Fed. Cir. 2011) ("enforcement activities

10   taking place outside the forum state do not give rise to personal jurisdiction in the forum").

11   Such factual allegations do not rise to the level of being "continuous and systematic" contacts

12   with this forum state.  In fact, Proofpoint fails to plead a single contact InNova has with this

13   forum, therefore, failing to establish personal jurisdiction over InNova.

14                   **2.       InNova's Enforcement of the '761 Patent in the Eastern District of
                             Texas against Residents of this Judicial District does not Support**
15                          **the Exercise of Specific Jurisdiction.**

16           Proofpoint's complaint is wholly lacking in factual allegations to support specific

17   jurisdiction.  Proofpoint has failed to identify a single contact that creates a "substantial

18   connection" with the forum as opposed to an "attenuated affiliation."  *Burger King Corp. v.*

19   *Rudzewicz,* 471 U.S. 462, 475 (1985).  Nothing in the Complaint points to InNova

20   purposefully directing its activities at residents of the forum nor how the declaratory action

21   arises out of or relates to those activities.  Proofpoint has failed to meet its burden.  Because

22   Proofpoint has not carried its burden as to the first two prongs of the Federal Circuit's test, the

23   burden does not shift to InNova to prove the third prong.  *See Autogenomics, Inc. v. Oxford*

24   *Gene Tech. Ltd.,* 565 F.3d 1012, 1018 (Fed. Cir. 2009).

25   **IV.     CONCLUSION**

26           Proofpoint's factual allegations simply do not support this court's subject matter

27   jurisdiction or personal jurisdiction over InNova.  Proofpoint has failed to establish that

28   ///

1    an "actual controversy" exist to support subject matter jurisdiction.  Proofpoint also fails

2    to show that InNova has had any purposeful, systematic, and continuous contacts with

3    this forum to establish general jurisdiction or that InNova's activities have been directed

4    to residents of this forum to establish specific jurisdiction.  Therefore, InNova requests

5    this Court dismiss Proofpoint's Complaint for lack of subject matter jurisdiction and for

6    lack of personal jurisdiction.

7

8    Dated: June 2, 2011                         Respectfully Submitted,

9                                                */s/ Carmen M. Aviles*
                                                 Carmen M. Aviles

10                                               THE LANIER LAW FIRM, P.C.
                                                 Christopher D. Banys SBN:  230038  (CA)
11                                               Daniel W. Bedell       SBN:  254912  (CA)
                                                 Carmen M. Aviles       SBN:  251993  (CA)
12                                               Daniel M. Shafer       SBN:  244839  (CA)
                                                 The Lanier Law Firm, P.C.
13                                               2200 Geng Road, Suite 200
                                                 Palo Alto, CA 94303
14                                               Tel:  (650)  322-9100
                                                 Fax:  (650)  322-9103
15                                               cdb@lanierlawfirm.com
                                                 dwb@lanierlawfirm.com
16                                               cma@lanierlawfirm.com
                                                 dms@lanierlawfirm.com
17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 2nd day of June, 2011.

*/s/ Vicki Comer*
Vicki Comer