THE LANIER LAW FIRM, P.C.
Christopher D. Banys   (SBN: 230038)
cdb@lanierlawfirm.com
Daniel W. Bedell       (SBN: 254912)
dwb@lanierlawfirm.com
Carmen M. Aviles       (SBN: 251993)
cma@lanierlawfirm.com
Daniel M. Shafer       (SBN: 244839)
dms@lanierlawfirm.com
2200 Geng Road, Suite 200
Palo Alto, CA  94303
Telephone:    (650) 322-9100
Facsimile:    (650) 322-9103

Attorneys for Defendant
INNOVA PATENT LICENSING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PROOFPOINT, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>INNOVA PATENT LICENSING, LLC,<br><br>             Defendant. | Case No.  5:11-CV-02288-LHK<br><br>**INNOVA PATENT LICENSING INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION**<br><br>**Hon. Lucy H. Koh**<br><br>[FRCP 12(b)(1); FRCP 12 (b)(2)]<br><br>DATE: October 20, 2011<br>TIME:  1:30 P.M.<br>COURTROOM:  4, 5TH FLOOR |

///

INNOVA'S NOTICE OF MOTION AND MOTION
TO DISMISS FAC
CASE NO: 5:11-CV-002288-LHK

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on October 20, 2011, at 1:30 P.M., or as soon as the matter can be heard, in the United States District Court for the Northern District of California, in Courtroom 4, on the 5th Floor at 280 South First Street, San Jose, California, 95113, Defendant InNova Patent Licensing, LLC ("InNova") hereby moves pursuant to Federal Rules Civil Procedure 12 (b)(1) and 12 (b)(2) for an order dismissing Plaintiff Proofpoint, Inc.'s ("Proofpoint") Amended Complaint for Declaratory Judgment.

This Court lacks subject matter jurisdiction under Federal Rule 12 (b)(1) in this declaratory judgment action because an "actual controversy" does not exist between Proofpoint and InNova. Proofpoint has pled no facts to show actual or imminent injury caused by InNova that can be redressed by judicial relief.

This Court should further dismiss Proofpoint's Amended Complaint for Declaratory Judgment under Federal Rule 12 (b)(2) for lack of personal jurisdiction over InNova. Proofpoint has pled no facts to support general or specific jurisdiction.

Accordingly, InNova respectfully moves to dismiss Proofpoint's Amended Complaint for Declaratory Judgment.

Motion will be based on this Notice of Motion, Motion To Dismiss in support thereof, and any evidence presented at the hearing of the Motion.

///

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3 This is Proofpoint's second attempt to establish subject matter and personal
4 jurisdiction over InNova.  Proofpoint's First Amended Complaint ("FAC") should be
5 dismissed because (1) Proofpoint fails to plead sufficient facts to form a case or
6 controversy of sufficient immediacy and reality to warrant a declaratory judgment and (2)
7 Proofpoint fails to plead facts sufficient to support either general or specific personal
8 jurisdiction over InNova.  Furthermore, even if there is a cognizable contact, the Court
9 should decline declaratory judgment jurisdiction here because the same controversy is
10 currently pending before a district court in Texas.

11 First, Proofpoint's fails to allege that InNova has threatened Proofpoint with suit.
12 Indeed, the FAC alleges little more than an economic fear that Proofpoint will lose customers
13 based on a lawsuit InNova brought against Proofpooint customers in Texas. This court has
14 already found such factual allegations are not enough to establish subject matter jurisdiction
15 because the factual allegations do not stem from a constitutionally cognizable contact with
16 California.

17 Second, Proofpoint has also failed to establish that the Court has personal jurisdiction
18 over InNova.  The only alleged contacts InNova has with this district is formalizing InNova
19 before filing the Texas action and "taking intentional and purposeful steps to enforce the '761
20 Patent against *residents* of this judicial district."  But InNova did not submit to California
21 jurisdiction merely by suing third parties in a foreign jurisdiction.  Nor, do the alleged facts
22 support an agency or alter-ego theory simply because Proofpoint has failed to establish the
23 requisite factors for either theory for a Court to take the extraordinary step of ignoring
24 corporate formalities.

25 Proofpoint cannot identify an adequate basis for subject matter jurisdiction or
26 personal jurisdiction over InNova.  Accordingly, the court should dismiss Proofpoint's
27 FAC.

28 ///

## II.     STATEMENT OF FACTS

InNova filed suit in the Eastern District of Texas ("Texas Action") against several defendants on July 20, 2010, asserting United States Patent No. 6,018,761 ("'761 Patent"). (Carmen M. Aviles, Declaration ¶ 3). A First Amended Complaint was filed on March 21, 2011. (Aviles, Declaration ¶ 4). All defendants have answered or otherwise responded to the amended complaint with the majority asserting counterclaims for non-infringement and invalidity. (Aviles, Declaration ¶ 5). A few defendants have filed motions to dismiss and a motion to transfer. (Aviles, Declaration ¶ 6, ¶ 7). The motions have been fully briefed and are currently pending. (Aviles, Declaration ¶ 6, ¶ 7).

Proofpoint filed its Complaint for Declaratory Judgment on May 10, 2011, and the FAC on June 23, 2011. (Dkts. 1 and 14). The FAC states that InNova's "infringement allegations threaten actual and imminent injury . . . and that the injury is of sufficient immediacy and reality." (Dkt. #14, FAC ¶ 10). According to Proofpoint, the injury includes, "(1) uncertainty as to whether manufacture, use, offer for sale, sale, or importation of the Accused Proofpoint Products is free from infringement claims based on the '761 Patent, (2) the injury to Proofpoint's efforts to market and sell its products and services including the Accused Proofpoint Products resulting from the Texas Action and the threat that other of Proofpoint's customers will be sued, and (3) the legal obligations flowing from Proofpoint's indemnity commitments to its customers." (Dkt. #14, FAC ¶ 10).

But these allegations are not sufficient to support subject matter jurisdiction for declaratory judgment. InNova has not threatened infringement suit against Proofpoint. (Aviles, Declaration ¶ 8). And InNova has not threatened to sue Proofpoint by telephone or e-mail, nor has InNova ever sent a single cease-and-desist letter to Proofpoint.

Furthermore, Proofpoint has failed to allege contacts with this forum sufficient to give rise to general or specific jurisdiction over InNova or to establish an agency or alter-ego theory to support personal jurisdiction over InNova. Proofpoint has not alleged that InNova has a principal place of business in California, that it is licensed to do business in California, or that InNova has any offices in California. Proofpoint also does not allege that InNova has

1  manufacturing facilities, or retail stores in California, or that it owns property or have any
2  bank accounts in California. There are no facts sufficient enough to give rise to personal
3  jurisdiction over InNova.

### III. ARGUMENT

#### A. Proofpoint's Factual Allegations Fail To Establish Subject Matter Jurisdiction

Proofpoint points to three theoretical "injuries" as evidence of an "actual controversy": (1) Proofpoint's uncertainty regarding whether Proofpoint's products infringe; (2) the threat that InNova will sue Proofpoint's "other customers'" – the customers not in the Texas case;[1] and (3) uncertainty regarding Proofpoint's indemnity commitments to clients. (Dkt. 14, FAC ¶10). None of these alone or in combination is enough to establish subject matter jurisdiction. *See eBay, Inc. v. PartsRiver, Inc.,* 2001 WL 1522389 at *2 (N.D. Cal. August 21, 2011) (To sustain subject matter jurisdiction in a declaratory judgment action an "actual controversy" must exist); *Ours Tech., Inc. v. Data Drive Thru, Inc.,* 645 F.Supp. 2d 830, 834 (N.D. Cal. 2009) (A declaratory judgment plaintiff must show by the "totality of the circumstances, the presence of an actual or imminent injury caused by the defendant that can be redressed by judicial relief").

Proofpoint's uncertainty as to whether its products infringe and its perceived threat that InNova will sue Proofpoint's other customers are insufficient to establish subject matter jurisdiction. *Ours Tech., Inc., v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 836 ( N.D. Cal. 2009). Proofpoint must show that the threat against *it* is "immediate" and "real." *Id.* And InNova has not threatened suit against Proofpoint or any of Proofpoint's other customers. Thus, Proofpoint cannot establish sufficient facts to show an immediate or real threat of an infringement suit by InNova against it.

Further, Proofpoint's indemnity commitments are also insufficient to establish subject matter jurisdiction. *See Ours Tech., Inc., v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 385 ( N.D. Cal. 2009) ("Because [the declaratory judgment plaintiff's] interest in indemnifying

---

[1] Currently Wells Fargo & Company and American International Group are the only Proofpoint customers in the Texas case.

INNOVA'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC 4
CASE NO: 5:11-CV-02288-LHK

1 these U.S. retailers, as best the court can discern, is to preserve its customer base, [the
2 patentee] is correct that [plaintiff's] interest in this action is largely-if not exclusively-
3 economic. Based on the facts alleged, under all of the circumstances, [plaintiff] has failed to
4 show that there is 'a substantial controversy, between parties having adverse legal interests, of
5 sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")
6 Proofpoint's factual allegations are merely economic concerns that do not meet the legal
7 standard for declaratory judgment jurisdiction and should be dismissed.

**B.  The Court Should Decline to Exercise Declaratory Judgment Jurisdiction.**

Even if Proofpoint's standing were deemed to reach the outer bounds of declaratory judgment jurisdiction, the Court should decline declaratory judgment jurisdiction here because of the pendent Texas case. *See Ours Tech., Inc., v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 840 ( N.D. Cal. 2009). ("Even if [declaratory judgment plaintiff's] standing were deemed to reach the outer bounds of declaratory judgment jurisdiction, the court would still find it appropriate to decline declaratory judgment jurisdiction here because of the pendent [infringement suit against plaintiff's customers] in another jurisdiction"); *eBay, Inc. v. PartsRiver, Inc.,* 2001 WL 1522389 at *2 (N.D. Cal. August 21, 2011); ("*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"). The Texas court will resolve all of InNova's infringement allegations regarding Proofpoint products. And the Texas court will resolve all of the other issues that Proofpoint raises in its FAC. Thus, "it is sensible, more appropriate, and more convenient to address the allegations in the Texas suit first." *Ours Tech., Inc., v. Data Drive Thru, Inc.,* 645 F. Supp. 2d 830, 840 ( N.D. Cal. 2009).

**C.  Proofpoint Fails to Establish Personal Jurisdiction**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.,* 374, F. 3d 797, 800 (9th Cir. 2004). The court will inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing

1  of personal jurisdiction. *Id.* Uncontroverted allegations in the complaint must be taken as
2  true but the plaintiff cannot "simply rest on the bare allegations of its complaint." *Id.*

3  Before a district court can exercise personal jurisdiction over a non-resident defendant,
4  the Due Process Clause requires the defendant have "certain minimum contacts" with the
5  forum state. "Due process requires only that in order to subject a defendant to a judgment in
6  personam, if he be not present within the territory of the forum, he have certain minimum
7  contacts with it such that the maintenance of the suit does not offend traditional notions of fair
8  play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The
9  Due Process Clause "gives a degree of predictability to the legal system that allows potential
10 defendant to structure their primary conduct with some minimum assurance as to where that
11 conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz,* 471
12 U.S. 462, 474 (1985). Accordingly, a defendant's activities in the forum state should be such
13 that a defendant "should reasonably anticipate being haled into court there." *World-Wide*
14 *Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

15 Under the "minimum contacts" test, the Supreme Court has drawn a distinction
16 between "specific" jurisdiction and "general" jurisdiction. To establish "general jurisdiction"
17 a plaintiff bears a high burden. *Avocent Huntsville Corp. v. Aten Intern, Co., Ltd.,* 552 F. 3d
18 1324, 1330 (Fed. Cir. 2008). The necessary inquiry explores the "nature of [the defendant's]
19 contacts with the [forum State] to determine whether they constitute …*continuous and*
20 *systematic* general business contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall,*
21 466 U.S. 408, 415-416 (1984) (emphasis added.). To establish "specific" jurisdiction, a
22 plaintiff must demonstrate that the activities arise out of or relate to the cause of action.
23 *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). In determining whether specific
24 jurisdiction exists, the Federal Circuit considers a three-factor test:
25     (1) the defendant purposefully directed its activities at residents of the forum;
26     (2) the claim arises out of or relates to those activities; and
27     (3) assertion of personal jurisdiction is reasonable and fair.
28 *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 565 F.3d 1012, 1018 (Fed. Cir. 2009).

1 The first two factors correspond with the "minimum contacts" prong of the *International Shoe* analysis and the third factor corresponds with the "fair play and substantial justice" prong analysis." *Id.* Plaintiff carries the burden on the first two factors. If plaintiff meets its burden, then the burden switches to defendant to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King*. *Breckenridge Pharm., Inc. v. Matabloite Labs., Inc.,* 444 F.3d 1356, 1363 (Fed. Cir. 2006).

### 1. Proofpoint's Attempt to Establish General Jurisdiction Must Fail.

General jurisdiction requires that the defendant have "continuous and systematic" contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts. *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.,* 566 F.3d 1012, 1017 (Fed. Cir. 2009). The contacts have to be more then "sporadic and insubstantial contacts with the forum" for a finding of general jurisdiction. In *Helicopteros*, the Supreme Court held there was no general jurisdiction in Texas over the defendant that did not have a place of business nor had ever been licensed to do business in Texas. This conclusion was reached despite the fact that the defendant had sent its chief executive officer to Houston for a contract-negotiation, accepted into its New York bank account checks drawn on a Houston bank, purchased helicopters, equipment, and training services from Bell Helicopter, a Texas resident, and sent personnel to Bell's facilities in Fort Worth for training. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). Like the defendant in *Helicopteros*, InNova does not have a place of business in California nor is it licensed to do business in California and nothing exceeds the commercial contacts that the Supreme Court held were insufficient in *Helicopteros*.

Proofpoint's attempt to establish personal jurisdiction over InNova because it is "taking intentional and purposeful steps to enforce the '761 Patent against residents of this judicial district [in Texas]" must fail. (Dkt.14, ¶ 14). The mere act of suing a California resident in a foreign court cannot give rise to either general or specific jurisdiction. *Radio Systems Corp. v. Accession, Inc.,* 638 F.3d 785, 792 (Fed. Cir. 2011) ("enforcement activities

INNOVA'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC    7
CASE NO: 5:11-CV-02288-LHK

1 taking place outside the forum state do not give rise to personal jurisdiction in the forum").
2 Nor can Proofpoint point to the patentee's contacts of years before to support general
3 jurisdiction. But even so, such contacts do not support general jurisdiction. For instance,
4 attempts to sell or license a patent does not give rise to general jurisdiction. *Breckenridge*
5 *Pharmaceutica, Inc. v. Metabolite Laboratories, Inc.,* 444 F. 3d 1356, 1366 (Fed. Cir. 2006)
6 ("the crux of the due process inquiry should focus first on whether the defendant has had
7 contact with parties in the forum state beyond the sending of cease and desist letters or mere
8 attempts to license the patent at issue there"). Such factual allegations do not rise to the level
9 of being "continuous and systematic" contacts with this forum state.

10 **2. Proofpoint cannot establish general jurisdiction on an agency or alter-ego theory.**

11 Proofpoint cannot establish personal jurisdiction over InNova and its back-door
12 attempt through the use of agency and alter-ego theories is inapplicable in this context.
13 Indeed, it is unclear what theory Proofpoint is pursuing, whether "InNova is an agent and
14 alter-ego of Robert Uomini" (FAC ¶ 15, 17, 18) or whether "Robert Uomini as principal and
15 alter-ego of InNova" (FAC ¶ 20, 21, 22). But neither theory applies to this case.
16 An agent, under California law, is "one who represents another, called the principal, in
17 dealings with third persons." Cal. Civ. Code §2295. But a corporation can act only through
18 its agents. *U.S. v. Trans Continental Affiliates,* No. C-95-1627-JLQ, 1997 WL 26297 * 5
19 (N.D. Cal. Jan. 8, 1997). And "the casual presence of the corporate agent or even his conduct
20 of single or isolated items of activities in a state in the corporation's behalf are not enough to
21 subject it to suit away from home or other jurisdiction where it carries on more substantial
22 activities has been thought to lay too great and unreasonable a burden on the corporation to
23 comport with due process." *Woodworkers Tool Works v. Byrne,* 191 F. 2d 667, 672 (9th Cir.
24 1951) *citing International Shoe Co. v. State of Wash. Office of Unemployment Compensation*
25 *and Placement,* 326 U.S. 310, 317 (1945). Proofpoint has failed to plead any facts that show
26 Robert Uomini as agent for InNova has conducted more then substantial activities directed at
27 this forum. The only alleged facts that Proofpoint pleads is that Robert Uomini lives in this
28 forum, before the formation of InNova had tried to sale its patents, assigned its patents to

1 InNova, incorporated InNova in Texas, and operates other unrelated business in California.
2 Not one of these facts, or in combination, shows any activity directed at this forum. These
3 alleged facts simply do not give rise to general jurisdiction.

4 Proofpoint's second theory is equally inapplicable. The alter ego test requires (1) a
5 unity of interest and ownership that the individuality, or separateness, of the said person and
6 the corporation has ceased, and (2) an adherence to the fiction of the separate existence of the
7 corporation would sanction a fraud or promote injustice. *Firstmark Capital Corp. v. Hempel*
8 *Fin. Corp.,* 859 F.2d 92, 94 (9th Cir.1988). Plaintiff must show and has failed to show here,
9 bad faith in one form or another, before the court can disregard the fiction of separate
10 corporate existence." *Id.* ("Bad faith in one form or another must be shown before the court
11 may disregard the fiction of separate corporate existence.") If a corporation is the alter ego of
12 an individual defendant, or one corporation the alter ego of another, courts may then "pierce
13 the corporate veil" jurisdictionally and attribute "contacts" accordingly. *Certified Building*
14 *Products, Inc. v. NLRB,* 528 F.2d 968, 969 (9th Cir. 1976). California courts generally treat
15 alter ego doctrine as a drastic remedy and disregard the corporate form only reluctantly and
16 cautiously. *Wechsler v. Macke Inter Trade, Inc*., 486 F. 3d 1286, 1295 (Fed. Cir. 2007).

17 Proofpoint fails to allege a single fact that supports the alter ego factors. There is no
18 unity between Dr. Uomini and InNova that the corporation has ceased to be a separate entity
19 nor that adherence to the fiction of the separate existence would sanction a fraud or promote
20 injustice. None of the facts alleged by Proofpoint attempt to establish the alter-ego factors.
21 Instead the FAC alleges random, disconnected, and inapplicable facts. For instance,
22 Proofpoint alleges that the inventor, Dr. Uomini, formed the Fractal Images Company but the
23 Fractal Images has no relation to this or the Texas action. The FAC also alleges that Robert
24 Uomini as the principal and alter-ego of InNova took substantial actions in preparing for
25 litigation prior to filing the Texas action but it is unclear how this in any way supports an
26 alter-ego theory. Additionally, Proofpoint states in the FAC that the patent at issue in the
27 Texas action was assigned to InNova but that is a business action that has no relation to
28 California and was before the Texas action was even filed. Additionally, and fatal to the

alter-ego theory, Proofpoint simply cannot show that adherence to the corporation would sanction a fraud or promote injustice. Proofpoint has failed to show that InNova is the alter-ego of Robert Uomini.

### 3. InNova's Enforcement of the '761 Patent in the Eastern District of Texas against Residents of this Judicial District does not Support the Exercise of Specific Jurisdiction.

Proofpoint's FAC is wholly lacking in factual allegations to support specific jurisdiction. Proofpoint has failed to identify a single contact that creates a "substantial connection" with the forum as opposed to an "attenuated affiliation." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Nothing in the FAC points to InNova purposefully directing its activities at residents of the forum nor how the declaratory action arises out of or relates to those activities. "In short, a defendant patentee's mere acts of making, using offering to sell, or importing products – whether covered by the relevant patent(s) or not- do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.,* 552 F. 3d 1324, 1336 (Fed. Cir. 2008). Proofpoint has failed to meet its burden. Because Proofpoint has not carried its burden as to the first two prongs of the Federal Circuit's test, the burden does not shift to InNova to prove the third prong. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 565 F.3d 1012, 1018 (Fed. Cir. 2009).

## IV. CONCLUSION

Proofpoint's factual allegations simply do not support this court's subject matter jurisdiction or personal jurisdiction over InNova. Proofpoint has failed to establish that an "actual controversy" exist to support subject matter jurisdiction. Proofpoint also fails to show that InNova has had any purposeful, systematic, and continuous contacts with this forum to establish general jurisdiction or that InNova's activities have been directed to residents of this forum to establish specific jurisdiction. Therefore, InNova requests this Court dismiss Proofpoint's FAC with prejudice for lack of subject matter jurisdiction and for lack of personal jurisdiction.

| | | |
|---|---|---|
| 1 | Dated: August 10, 2011 | Respectfully Submitted, |
| 2 | | */s/ Carmen M. Aviles* |
| 3 | | THE LANIER LAW FIRM, P.C. |
| | | Christopher D. Banys SBN: 230038 (CA) |
| 4 | | Daniel W. Bedell     SBN: 254912 (CA) |
| | | Carmen M. Aviles    SBN: 251993 (CA) |
| 5 | | Daniel M. Shafer    SBN: 244839 (CA) |
| | | The Lanier Law Firm, P.C. |
| 6 | | 2200 Geng Road, Suite 200 |
| | | Palo Alto, CA 94303 |
| 7 | | Tel: (650) 322-9100 |
| | | Fax: (650) 322-9103 |
| 8 | | cdb@lanierlawfirm.com |
| | | dwb@lanierlawfirm.com |
| 9 | | cma@lanierlawfirm.com |
| | | dms@lanierlawfirm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of August, 2011.

*/s/ Vicki Comer*
Vicki Comer